[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2007
THOMAS K. KAHN
CLERK

No. 07-12209
Non-Argument Calendar

_____

D. C. Docket No. 06-00333-CR-JHH-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN OLIVER GRANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 17, 2007)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Norman Oliver Grant appeals his convictions, after a jury trial, for possession with intent to distribute crack cocaine, a violation of 21 U.S.C. § 841(a)(1); being a felon in possession of a firearm, a violation of 18 U.S.C.

§ 922(g)(1); and possession of an unregistered firearm, a violation of 26 U.S.C. § 5681. On appeal, Grant argues that the district court erred by denying his pre-trial motion to suppress evidence that was seized from his home pursuant to a search warrant. He contends that the affidavit of Detective Heath Boackle, on which the warrant was based, contained intentional misrepresentations of what transpired during a drug transaction between Grant and a confidential informant ("CI"), just prior to Grant's arrest. More specifically, Grant argues that Detective Boackle testified at the suppression hearing that he did not observe Grant talking to the CI, that he did not see Grant go into the backdoor of his home and return with narcotics, and that he had not observed the transaction because it occurred inside the home, whereas in the search warrant affidavit, Boackle stated that he observed the transaction occur outside the home and never saw the CI go into the home. As a result, Grant argues that Boackle's intentional misrepresentations in the affidavit render the warrant and the subsequent search of Grant's home invalid under the Fourth Amendment. After careful review, we affirm.

We review the district court's findings of facts in the denial of a motion to suppress for clear error, and the application of law to those facts de novo. United States v. Novaton, 271 F.3d 968, 986 (11th Cir. 2001). Accordingly, "we will not overturn a district court's decision that omissions or misrepresentations in a

warrant affidavit were not reckless or intentional unless clearly erroneous." United States v. Jenkins, 901 F.2d 1075, 1079 (11th Cir. 1990).

"Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999). To prevail on a motion to suppress evidence that was seized pursuant to a search warrant, based on allegations of falsity in the supporting affidavit, the challenging party has the burden of establishing (1) that the affiant made the alleged misrepresentations or omissions knowingly or recklessly, and (2) that exclusion of the alleged misrepresentations or inclusion of the alleged omissions would result in a lack of probable cause. Novaton, 271 F.3d at 986-87. However, "we must give great deference to a lower court's determination that the totality of the circumstances supported a finding of probable cause." United States v. Steiger, 318 F.3d 1039, 1046 (11th Cir. 2003) (quotations omitted). Therefore, a reviewing court "should not interpret supporting affidavits in a hypertechnical manner; rather, a realistic commonsense approach should be employed . . . to promote the high level of deference traditionally given to magistrates in their probable cause determinations." United States v. Miller, 24 F.3d 1357, 1361 (11th Cir. 1994) (emphasis added).

3

Here, Grant has not shown that Boackle's affidavit contained deliberate or reckless misrepresentations, or that his testimony at the suppression hearing contradicted the information in his affidavit in any material way. Grant argues that the warrant is invalid because Boackle stated in his affidavit that he observed the transaction occur outside Grant's home after Grant entered the backdoor and returned with a bag of cocaine, whereas Boackle testified that he did not observe the transaction, that he did not see Grant go into the house and return with cocaine, and that the CI actually went into the residence, where the transaction occurred.

From our review of the record, Boackle never stated in the affidavit that he actually observed the transaction occur outside the home. Rather, he said that the CI went to Grant's back door and offered to buy some crack cocaine, which Grant retrieved from inside the home and sold to the CI. The informant then left and turned the drugs over to Boackle, who was in the alley next to the home. Meanwhile, at the hearing Boackle testified that he went to Grant's home with the CI, that he watched the back door from the alley while the CI went to the house and purchased narcotics, and that the CI returned with the purchased narcotics and told Boackle what had transpired.

Simply put, a "realistic and commonsense" review of the affidavit and suppression hearing transcript reveals that Boackle provided a consistent account

of the material facts. <u>Miller</u>, 24 F.3d at 1361.[1]  As the affidavit was not invalid, the district court did not clearly err in finding that the issuing judge "had before her ample evidence which satisfied the 'probable cause' requirement."  Accordingly, we affirm Grant's convictions.

**AFFIRMED.**

---

[1]  Moreover, any additional details that Detective Boackle provided at the hearing would have no effect on the ultimate probable cause determination if they had been included in the affidavit.  <u>See</u> <u>Novaton</u>, 271 F.3d at 986-87.  Boackle testified that he gave the CI marked currency to purchase the drugs, the CI reported seeing drugs that were laying out in plain view on the kitchen table, the CI knew that Grant had guns and a cooler with additional dugs "somewhere in the house" from prior occasions when he entered the home, and the CI conversed with Grant on the back porch "for approximately 10-15 minutes."  Again, this information does not in any way contradict anything that Boackle stated the affidavit, and these details would have only <u>strengthened</u> the finding of probable cause had they been included in the affidavit.